**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD TOBIAS, et al., | Civil Action No. 13-6471 (PGS) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiffs Edward N. Tobias and Suzanne M. Koegler's ("Plaintiffs") motion seeking leave to file an Amended Complaint to account for the significant factual and procedural developments that have occurred since the original Complaint was filed, which are necessary to satisfy the pleading requirements of Fed. R. Civ. P. 8 and to formally respond to Defendants' Motion for a More Definite Statement by supplementing the original Complaint. Plaintiffs further seek to implead the United States of America and the State of New York to enforce their obligations set forth under the Home Affordable Modification Program ("HAMP"), the Home Affordable Refinance Program ("HARP"), and Part 419 of the New York State Banking Department Regulations. Defendants oppose Plaintiffs' motion.  The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiffs' motion.  The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth below, Plaintiffs' motion is DENIED.

## I.    Background and Procedural History

Plaintiffs contend that Defendants did not adequately compensate Plaintiffs under flood and homeowners insurance policies for damages to three houses sustained during Superstorm Sandy.

Plaintiffs allege that federal and state governmental agencies/ entities had controlling fiduciary and fiscal agency relationships over the federal funds payable under policies of flood insurance and acted in the *de facto* role as "real party in interest" and actual possessors of these disputed federal funds. (*See* Complaint; Docket Entry No. 1) Plaintiffs filed their initial Complaint on October 28, 2013.

Defendant, Wright National Flood Insurance Co., filed their Answer on November 20, 2013. (*See* Answer; Docket Entry No. 4) Defendant, Liberty Mutual Insurance Co., filed their Answer on December 19, 2013. (*See* Answer; Docket Entry No. 7) Defendants Christopher J. Christie, Howard J. McCoach, Sandy Recovery Division, the State of New Jersey, and the Department of Community Affairs filed their Answer on January 17, 2014. (*See* Answer; Docket Entry No. 21) On March 6, 2014, pursuant to Fed. R. Civ. P. 4(m), co-defendants President Obama, the United States of America, the U.S. Department of Home Land Security, FEMA, and the New York Rising Recreate Housing Community Recovery Program were all dismissed. (*See* Letter Order; Docket Entry No. 40.) Defendants, William C. Erby, GMAC Mortgage Co., LLC, Ocwen Financial, Ocwen Loan Services, LLC, Governor Andrew M. Cuomo, the State of New York, and defendants filed motions to dismiss. (*See* Motion to Dismiss; Docket Entry No. 8) Defendants, Denis A. Miller Insurance Agency and Denis A. Miller, individually, filed a Motion to Dismiss on March 10, 2014 based upon failure to state a claim and for lack of personal jurisdiction. (*See* Motion to Dismiss; Docket Entry No. 41)

On March 20, 2014, Plaintiffs filed their Opposition to the Motion to Dismiss. Plaintiffs attempted to amend their Complaint to add a negligence claim against Miller Defendants. (*See* Letter Brief in Opposition; Docket Entry No. 44) Plaintiffs asserted that there was "further factual information … the substance of which should be also known by the moving defendants

2

through a review of their corporate records." (*Id.* at page 2)  Plaintiffs submitted that the proposed count is more specifically plead as requesting relief against defendants on the basis of negligence, whether by common law, state law, or federal law as discovery in this matter should evidence. (*Id.* at page 3)

On April 3, 2014, the District Court entered a Letter Order stating "to the extent that Plaintiffs attempted through their letter brief (response to Defendants' Motion to Dismiss) to, for example, expand upon the facts pled in the original Complaint, the Court notes that it is well-established that a Plaintiff cannot amend his Complaint by way of a brief in response to a motion to dismiss. (*See* Letter Order; Docket Entry No. 53)(quoting *Commw. Of Pa. Ex. Rel Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988))  The Court further noted, should Plaintiffs wish to amend their Complaint, they should do so in accordance with all applicable rules of procedure.  (*Id.*)

Subsequently, on April 16, 2014, Plaintiffs filed the instant motion seeking leave to file an Amended Complaint.  (*See* Motion to Amend; Docket Entry No. 54) Thereafter, on May 20, 2014, the Court entered a Letter Order administratively terminating without prejudice, the pending Motions to Dismiss (Docket Entries Nos. 8, 36, & 41) until this Court ruled on Plaintiffs' pending Motion to Amend/Correct Complaint. (See Letter Order; Docket Entry No. 2) In their Motion to Amend, Plaintiffs reiterate that Defendants did not adequately compensate Plaintiffs under flood and homeowners insurance policies for damages sustained during Superstorm Sandy. (*Id.*)  However, in light of Defendants' Motions to Dismiss for failure to state a claim, Plaintiffs filed the instant Motion to Amend in an apparent effort to correct their original Complaint to satisfy the pleading requirements under the Federal Rules of Civil Procedure.  The proposed Amended Complaint attempts to add a short and plain statement of the

3

grounds for relief. In particular, Plaintiffs seek to amend their Complaint by adding claims of

negligence, fraud, violations of New York banking laws, HAMP, HARP, breach of contract, and

tortious interference with contract, to their Complaint. (*Id*.)  Plaintiffs further seek to implead the

United States of America and the State of New York.

Citing Fed. R. Civ. P. 15(a)(2) which states: " a party may amend its pleading only with

the opposing party's written consent or the court's leave,"  Plaintiffs assert that they should be

allowed to amend their Complaint.  Plaintiffs state the decision whether to grant leave to amend

a pleading is within the sound discretion of the District Court emphasizing that "this discretion is

strictly circumscribed by the proviso that leave [should] be freely given when justice so

requires." (*Id*.)(citing *Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC*,

No. 1:10-CV-125, 2012 WL 4840809, at 21)(quoting *Gramegna v. Johnson*, 846 F.2d 675, 678

(11th Cir. 1988)).  Plaintiffs contend that 'due to significant factual and procedural developments

raised by the moving defendants," there is good cause for amending the Complaint.  (*See* Motion

to Amend; Docket Entry No. 54) Additionally, relying on *Foman v. Davis*, 371 U.S. 178, 182

(U.S. 1962), Plaintiffs assert that, where there is an absence of undue delay, bad faith, prejudice,

and futility, a request to amend the pleadings should be liberally granted. *Long v. Wilson*, 393

F.3d 390, 400 (3d Cir. 2004). Plaintiffs argue that here, none of these factors exist and, as such,

their motion should be granted.

On May 5, 2014, Defendants, Denis A. Miller Insurance Agency and Denis A. Miller,

individually, (collectively "Miller Defendants") filed a Brief in Opposition to Plaintiffs' Motion

to Amend. (*See* Brief in Opposition; Docket Entry No. 55)  Miller Defendants oppose Plaintiffs'

Motion to Amend, arguing that Plaintiffs' motion should be denied because the proposed

amendment still fails to allege enough facts to state a claim for which relief may be granted,

rendering the Amended Complaint futile. Miller Defendants state futility is when the complaint, as amended, would fail to state a claim upon which relief could be granted. *In Re Burlington Coat Factory SEC* Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997).   In assessing futility, the court applies the same standard of legal sufficiency as applied under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Miller Defendants argue that if a claim is vulnerable to dismissal under Rule 12(b)(6), the motion for leave to amend should generally be granted, unless "the amendment would not cure the deficiency."  (*Id.*)

Miller Defendants contend that Plaintiffs' Amended Complaint failed to cure the deficiency in the original Complaint and therefore, should be dismissed as being futile.  Miller Defendants further contend that Plaintiffs' Amended Complaint which seeks relief against the defendants on the basis of negligence, "whether by common law, state law, or federal law as discovery in this matter should evidence," (*See* Amended Complaint; Docket Entry No. 54) must be dismissed because it fails to "plead enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Miller Defendants contend that Plaintiffs' mere assertion against Defendants in paragraph 7 of the proposed Amended Complaint, as "negligence" alone, does not set forth a factual basis upon which the Court might draw the conclusion that Plaintiffs' claim is plausible on its face, it is simply a legal conclusion.

Moreover, Miller Defendants state they are unsure of what wrongful conduct, on their part, caused Plaintiffs' loss.  Because the proposed amendment is devoid of any factual content, Miller Defendants could be liable for any misconduct.  Therefore, Miller Defendants argue that because the Plaintiffs' proposed Amended Complaint also fails to state a claim for which relief could be granted, the proposed amendment is futile, and should be dismissed.

On May 5, 2014, Defendants, William C. Erbey ("Erbey"), GMAC Mortgage, LLC (Now dismissed; *see* Stipulation; Docket Entry No. 72), Ocwen Financial Corporation and Ocwen Loan Servicing, LLC (collectively, "Ocwen") filed a Brief in Opposition to Plaintiffs' Motion to Amend. (*See* Brief in Opposition; Docket Entry No. 56)  Echoing Miller Defendants, Erbey and Ocwen Defendants oppose Plaintiffs' Motion to Amend, arguing that Plaintiffs' motion should be denied because the proposed amendment fails to allege any facts to state a claim for which relief may be granted, making the Amended Complaint futile.  Plaintiffs now assert in their Amended Complaint, six legal theories in which they seek redress:  (1) fraud; (2) violations of New York Banking law; (3) HAMP; (4) HARP; (5) breach of contract; and (6) tortious interference with contract.  (*See* Brief in Opposition; Docket Entry No. 56)  Erbey and Ocwen Defendants contend that the newly added legal theories, under the "Counts against William C. Erbey, Executive Chairman, Ocwen Financial Corporation; Ocwen Loan Servicing, L.L.C.; GMAC Mortgage Co, L.L.C., (In Re Residential Capital, L.L.C. (Rescap Bankruptcy)); John Does 1-100, Doe Corporations 1-100" of the Amended Complaint (hereinafter referenced as "Count III"), still do not plead enough facts to state a claim for relief.  Erbey and Ocwen Defendants note the differences between the original Complaint and "Count III" of the Amended Complaint are minimal.   The following are portions of "Count III" of the Amended Complaint emphasizing the only differences:

> 2. Upon information and belief, defendants wrongfully engaged in illegal or other adverse actions that negatively affected the nationwide real estate market resulting in untrue and inaccurate property values at the time the plaintiffs purchased the properties. ***This Count of the Complaint is more specifically plead as requesting relief against Defendant, GMAC Mortgage, LLC on the basis of fraud, whether by common law, state law, or federal law as discovery in this matter should evidence.***

3. After Superstorm Sandy, the plaintiffs contacted defendants and requested assistance according to the terms of the mortgage on the property and obligations accepted by defendants under various federal and state programs dealing with the "mortgage crisis." ***This Count is more specifically plead as requesting relief against the Moving Defendants under NYS Banking Law and HAMP and HARP to the extent Defendant owes duties to third parties as such Plaintiffs.***

4. Defendants failed according to the terms of the mortgage contract and third-party obligations imposed or entered into by them various federal and state programs to adequately compensate plaintiffs for damages sustained as a result of their wrongful acts. ***This Count of the Complaint is more specifically plead as requesting relief against Defendants, GMAC Mortgage, LLC, and Ocwen on the basis of breach of contract and tortuous interference with contract as discovery in this matter should evidence.*** *(See* Amended Complaint; Count III pp.1-4)

Erbey and Ocwen Defendants contend that, rather than assert separate facts to suggest how they, Plaintiffs, are entitled to relief, Plaintiffs "baldly suggest, that evidence to support their theories will be obtained during discovery." (*See* Brief in Opposition; Docket Entry No. 56) Moreover, Erbey and Ocwen Defendants argue that Plaintiffs "amended" allegations, at no point, specify what actions Defendants allegedly took or failed to take or how any such actions caused Plaintiffs damage. Plaintiffs simply failed to fix the deficiencies in their original Complaint.

As did Miller Defendants, Erbey and Ocwen Defendants cite to *Foman* noting that a "district court may deny leave to amend a [pleading] where 'it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Foman* at 182. Again, Erbey and Ocwen Defendants argue that in determining futility, courts apply the same failure to state a claim upon which relief could be granted standard as is mandated by Fed. R. Civ. P. 12(b)(6). *Dombroski v. JP Morgan Chase Bank,* No. 11-3771 (SRC), 2012 U.S. Dist. LEXIS 8135, at *7-8 (D.N.J. Jan. 24, 2012).

Defendants further state, a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions…" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Moreover, the Third Circuit, following *Twombly* and *Iqbal*, has held that the pleading standard of Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008).

Here, Erbey and Ocwen Defendants argue that Plaintiffs should not be granted leave to amend their original Complaint because Plaintiffs' proposed amendment still fails to provide any facts supporting their requested relief.  Defendants argue, since Plaintiffs fail to provide any facts supporting their requested relief, they have failed to meet the standards set forth in *Iqbal* and *Twombly*. Erbey and Ocwen Defendants go as far to say; "Plaintiffs do not identify a single action that Moving Defendants took to bring about the results Plaintiffs assert." (*See* Brief in Opposition; Docket Entry No. 56)  Moreover, Defendants argue that Plaintiffs did not provide a plausible explanation for how Erbey and Ocwen Defendants' unspecified actions brought about the asserted outcome.  Defendants contend Plaintiffs "baldly" assert Defendants failed according to the terms of the mortgage contract, never identifying what actions or inactions constituted Defendants' alleged failure.  Moreover, "Count III" of Plaintiffs Amended Complaint lacks sufficient factual allegations to demonstrate a plausible right to relief, and therefore, Plaintiffs should not be granted leave to amend. (*Id.*)

Plaintiffs respond to Miller Defendants' opposition, arguing that "Defendants' own recognition of the circumstances surrounding the myriad of lawsuits "sounding in negligence"

stemming from Superstorm Sandy belie their assertion that the language of the Complaint fails to give them fair notice of the basis for Plaintiffs' claim for relief." (*See* Reply to Defendants Motion; Docket Entry No.58) (quoting Motion to Dismiss; Docket Entry No. 41, "unlike so many other Superstorm Sandy lawsuits against insurance producers sounding in negligence for failure to advise insureds to purchase flood insurance, here flood insurance was procured and there is no allegation that the coverage was inadequate).  However, Plaintiffs do not address the futility claims asserted by Defendants.

## II.     Analysis

### A.     Standard of Review

While FED.R.CIV.P. 15(a), provides that leave to amend the pleadings is generally granted liberally, *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000), the Court may deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.   Miller, Erbey and Ocwen Defendants' primarily contend that Plaintiff's Motion to Amend should be denied as futile.  The Court notes that no other grounds exist for denying Plaintiff's motion here.  Specifically the Court finds no evidence that the addition of Plaintiff's proposed claims would unfairly prejudice Defendants or that they are the product of undue delay.  The Court, therefore, focuses on futility.

It is well settled that a motion to amend is properly denied where the proposed amendment is futile. *See Foman,* 371 U.S. 178 at 182; *Alvin*, 227 F.3d at 121. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (Internal

quotation marks and citations omitted).  In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard.  *See Alvin*, 227 F.3d at 121.

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted if the plaintiff fails to state a claim upon which relief can be granted.  The United States Supreme Court set forth the standard for addressing motions to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  According to *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . .  a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations omitted).

In determining whether a civil complaint sufficiently states a claim for relief, the Court applies a two-part test.  First, the Court must separate the factual and legal elements of a claim. While the Court must accept as true "all of the complaint's well-pleaded facts[,]" the Court "may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949).  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).  Merely alleging an entitlement to relief is insufficient.  Instead, the complaint "has to 'show' such an entitlement with its facts." *Id*.  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*,

127 S.Ct. at 1955).  Moreover, where the complaint contains allegations sounding in fraud or mistake, said allegations must be pled with particularity.  Rule 9(b).

**B.    Discussion**

Through their motion, Plaintiffs seek permission to amend the Complaint to satisfy the pleading requirements under the Federal Rules of Civil Procedure by adding a short and plain statement of the grounds for relief.  Plaintiffs also seek to implead the United States of American and the State of New York to enforce the obligations set forth under HAMP, HARP, Part 419 of the New York State Banking Department Regulations, and agreed under the Consent Judgment filed April 4, 2012 (Case 1:12-cv-00361 RMC).  As noted above, Defendants oppose Plaintiffs' motion contending Plaintiffs' motion is futile because it fails to cure the deficiencies in the original Complaint.  More specifically, Defendants argue that Plaintiffs fail to plead enough facts to state a claim that is plausible on its face. Plaintiffs merely make sweeping legal conclusions and admit they currently have no factual evidence to support their claims but that it will be uncovered through discovery.  The Court agrees.

In their First Amended Complaint, Plaintiffs fail to correct the deficiencies that plagued their Original Complaint.  Instead of alleging facts to state a claim for which relief may be granted, Plaintiffs supplement their Complaint by adding broad legal conclusions seeking relief. As against Miller Defendants, Plaintiffs merely add to paragraph 7 that they are "…requesting relief against defendants on the basis of negligence, whether by common law, state law or federal law as discovery in this matter should evidence." (*See* Motion to Amend; Docket Entry No. 54) This assertion does not allege any facts to state a claim for which relief may be granted, as required by Fed. R. Civ. P. 8.  Instead, Miller Defendants are left guessing what actions or inactions caused Plaintiffs' loss.

11

As against Erbey and Ocwen Defendants, Plaintiffs similarly make sweeping legal conclusions seeking relief.  Again, Plaintiffs have not sufficiently amended their Complaint to allege enough facts to state a claim for relief that is plausible on its face.  Plaintiffs merely add one count, "Count III," subdivided into different claims against Erbey and Ocwen Defendants. This amended count, like paragraph 7 against Miller Defendants, lacks any factual allegations. Instead, Plaintiffs simply state the count in more specifically plead "…requesting relief against Defendant, GMAC Mortgage, LLC on the basis of fraud." (*Id*.) It further states the count is more specifically plead "…requesting relief against Moving Defendants under NYS Banking Law and HAMP and HARP to the extend Defendant owes duties to third parties as such Plaintiffs." (*Id*.) Lastly, Plaintiffs state the amended count is more specifically plead "…requesting relief against…Defendants… on the basis of breach of contract and tortuous interference with contract as discovery." (*Id*.)  This is the extent of changes to Plaintiffs' Amended Complaint.  Nowhere do Plaintiffs allege any facts to put the Erbey and Ocwen Defendants on notice as to what conduct caused Plaintiffs' loss.   The generally broad legal conclusions do not satisfy the pleading requirements set out in the Federal Rules of Civil Procedure.

Moreover, Plaintiffs admit they do not have the evidence to support their claim, and are instead waiting for discovery to provide such evidence.  Therefore, because Plaintiffs failed to cure the deficiencies in their original Complaint and allege enough facts to state a claim for relief, their Amended Complaint is deemed futile.  As a result, Plaintiffs' request to add these new legal theories to their Complaint is denied.

## III.     Conclusion

For the reasons stated above, Plaintiffs' motion seeking leave to file an Amended Complaint to more specifically plead as requesting relief against Defendants on the basis of

negligence, fraud, NY Banking law, HAMP, HARP, Breach of contract, and tortious interference with contract is DENIED.  An appropriate Order follows.

Dated: November 26, 2014

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
